MARCELINO ALVIRA ET UX., Plaintiffs and Appellants, *v.* BIENVENIDO ROBLES, Defendant and Appellee.

No. 8573. Argued February 9, 1943.—Decided March 9, 1943.

494

*R. Arjona Siaca* and *Antonio Figueroa Rivera* for appellants. *Juan Nevares Santiago* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Robles sued Alvira in an action for collection of money in the municipal court, which entered judgment in favor of Robles for $159.85. In order to satisfy this judgment, certain property belonging to Alvira was attached by the marshal. Thereafter, Alvira brought the instant case, consisting of a single cause of action, in the district court to declare null the said judgment for $159.85. In the prayer for relief, Alvira asked not only that the judgment ordering him to pay $159.85 be set aside, but also that the attachment of his property, which he valued at $600, be annulled, and that he be awarded the damage resulting from the attachment in the amount of $400. The district court entered judgment for the defendant on the ground that the suit involved less than $500, and that the district court therefore had no jurisdiction thereof. The case is here on appeal from that judgment.

The cause of action in this case is the alleged nullity of the judgment for $159.85. Nevertheless, the plaintiff is entitled to allege and prove in such a suit, as an item of damage resulting therefrom, the damage to the attached property in the amount of $400. Examining the case from the point of view that generally jurisdiction is determined from the amount claimed in the complaint interpreted in the aspect most favorable to the plaintiff (*Donato* v. *Cruz,* 59 P. R.R. 535, 37, and cases cited therein), we find here a claim which consists in effect of two items, which, when added together, amount to more than $500. This case is therefore analogous to the cases in which this court has held that where several counts in a complaint are properly joined in one suit, the aggregate of the amounts sued for in each count is determinative of the question of jurisdiction, even though

none of the counts standing alone involves a sufficient amount to confer jurisdiction on the court in which the suit is filed. *Perea* v. *Castro,* 25 P.R.R. 98; *Ramírez* v. *Muñoz et al.,* 33 P.R.R. 350; *Schlüter* v. *Solano,* 42 P.R.R. 152.

The judgment of the district court will be reversed and the case remanded for further proceedings.